UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM T. BURCHFIELD<br>136 Linduff Avenue<br>Stuebenville, Ohio  43952<br><br>*On Behalf of Himself and All Others Similarly Situated,*<br><br>    Plaintiff,<br><br>v.<br><br>BIO-SERV CORPORATION, d/b/a<br>Rose Pest Solutions<br>c/o James R. Ives<br>31700 Research Park Drive<br>Madison Heights, Michigan 48071<br><br>    Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

  Now comes Plaintiff, William T. Burchfield, by and through undersigned counsel, and for his Complaint against Defendant, Bio-Serv Corporation (d/b/a Rose Pest Solutions), states and alleges the following:

**INTRODUCTION**

  1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff, overtime compensation at the rate of one and one-half times their

1

regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219.

2. Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111, *et seq*.

## JURSIDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant 28 U.S.C. § 1331, as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

7. At all material times, Plaintiff is and was a citizen of the United States and a resident of Jefferson County, Ohio.

8. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio R.C. § 4111.03(D)(3).

9. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. At all material times, Defendant is and was a Michigan corporation with its headquarters and principal place of business located at: 1130 Livernois Road, Troy, Michigan 48083.

11. At all material times, Defendant has operated under the fictious and/or trade name: Rose Pest Solutions.

12. At all material times, Defendant is and was an employer within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. § 4111.03(D)(2).

13. At all material times, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r).

14. At all material times, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

15. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

3

16. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17. Defendant is a pest control company that employs Pest Control Technicians, also referred to as Service Technicians or Service Professionals (hereinafter "Technicians"), in various service areas in various different states across the country, including Michigan, Ohio, Indiana, Kentucky, West Virgina, and Pennsylvania.

18. Defendant's Technicians are responsible for, *inter alia*, providing pest control services for Defendant's clients, including applying pest control chemical solutions, powders, and gases at their properties.

19. From approximately October 2023 to January 23, 2024, Plaintiff was employed by Defendant as Technician in Ohio.

20. Plaintiff and other similarly situated Technicians were paid a commission by Defendant.

21. Plaintiff and other similarly situated Technicians were non-exempt employees.

22. None of the bona fide exemptions applied to the work Plaintiff and other Technicians performed during their employment with Defendant.

23. The primary duties of Plaintiffs and other technicians was/is performing pest control solutions on established routes that were/are provided to them by Defendant.

24. The primary duty of Plaintiff and other Technicians employed by Defendant was/is not making sales or obtaining orders or contracts.

**(Failure to Pay Overtime Compensation)**

25. Plaintiff and other similarly situated Technicians regularly worked more than 40 hours per week. Plaintiff estimates that, on average, he worked approximately 50 to 60 hours per week during his employment with Defendant.

26. Defendant was/is required to pay Plaintiff and other similarly situated Technicians overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek.

27. Defendant did not pay Plaintiff and other similarly situated Technicians overtime compensation for the hours they worked over 40 per workweek.

28. As a result of Defendant's unlawful practice and policy, Plaintiff and similarly situated employees were denied significant amounts of overtime compensation.

**(Defendant Willfully Violated the FLSA)**

29. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

30. Defendant knew and otherwise showed reckless disregard as to whether its conduct was prohibited by the FLSA.

31. Defendant did not make and has not made a good faith effort to comply with the FLSA.

32. Defendant's method of paying Plaintiff was not based on a good faith and reasonable belief that its conduct complied with the law. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law has carried out its illegal pattern and practice of failing to pay its Technicians overtime compensation.

33. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiffs and other similarly situated Technicians.

## **COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The collective class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current Technicians employed by Bio-Serv Corporation in the United States for at least one (1) week at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter ("FLSA Collective Class").

36. At this time, Plaintiff is unable to state the exact size of the FLSA Collective Class, but upon information and belief, aver that it consists of more than 100 individuals.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages earned, including overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

38. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages/overtime compensation and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

39. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

40. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class defined as:

> All former and current Technicians employed by Bio-Serv Corporation in Ohio for at least one (1) week at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter ("Ohio Class").

41. The Ohio Class is so numerous that joinder of all class members is impracticable. Upon information and belief, the Ohio Class consists of more than 100 individuals.

42. There are questions of law or fact common to the Ohio Class, including but not limited to: whether Defendant failed to pay its Technicians overtime compensation for hours worked in excess of 40 each workweek; and what amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendant's violation of Ohio R.C. §§ 4111.03 and 4111.10.

43. The claims of Plaintiff are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

44. Named Plaintiff William T. Burchfield will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

45. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above,

are common to the class as a whole, and predominate over any questions affecting only individual class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Fair Labor Standards Act Violations)

47. Plaintiff, on behalf of himself and the FLSA Collective Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

49. Defendant's actions and/or omissions were not in good faith.

50. By engaging in the above-described practices and policies, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

51. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Ohio Minimum Fair Wage Standards Act Violations)

52. Plaintiff, on behalf of himself and the Ohio Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Defendant's practices and policies of not paying Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, violates the OMFWSA, R.C. § 4111.03, *et seq*.

54. Defendant's actions and/or omissions were not in good faith.

55. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the OMFWSA.

56. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

a. Issue an order permitting this litigation to proceed as a collective action;

b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

c. Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

d. Award Plaintiff and the classes he represents actual damages for unpaid wages;

e. Award Plaintiff and the classes he represents statutory liquidated damages in an amount to the unpaid wages found due to Plaintiff and the classes he represents under the FLSA and the OMFWSA;

f. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

g. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

    h.    Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

> Respectfully submitted,
>
> /s/ *Matthew S. Grimsley*
> Matthew S. Grimsley (OH 009294)
> Anthony J. Lazzaro (MI P86195)
> Lori M. Griffin (OH 0085241)
> The Lazzaro Law Firm, LLC
> The Heritage Building, Suite 250
> 34555 Chagrin Boulevard
> Moreland Hills, Ohio 44022
> Phone: 216-696-5000
> Facsimile: 216-696-7005
> matthew@lazzarolawfirm.com
> anthony@lazzarolawfirm.com
> lori@lazzarolawfirm.com
>
> Attorneys for Plaintiff

## JURY DEMAND

Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury as to all claims and issues so triable.

> /s/ *Matthew S. Grimsley*
> Matthew S. Grimsley (OH 009294)
>
> Attorney for Plaintiff